# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HALL,<br><br>        Petitioner,<br><br>    vs.<br><br>SCOTT McEWEN,<br><br>        Respondent. | Case No.:12-cv-01009-LJO-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 13] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

On February 17, 1999, Petitioner was found guilty of possession of a weapon in prison. (Cal. Penal Code, § 4502(a)). At that time, Petitioner was serving an indeterminate sentence for second degree murder (Cal. Penal Code, § 187(a)). On the same date, he was sentenced to a total indeterminate term of 25 years to life in prison. Petitioner did not directly appeal this judgment.

---

[1] Respondent submits that Scott McEwen is the current custodian. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, McEwen be replaced in lieu of Carmela Harris as Respondent.

1

However, Petitioner filed three pro se state post-conviction collateral petitions. The first petition was filed on March 20, 2006, in the California Supreme Court.[2] The petition was denied on November 29, 2006.

The second petition for writ of habeas corpus was filed on June 16, 2011, also in the California Supreme Court. The petition was denied on January 25, 2012.

The third and final state petition was filed on January 12, 2012, again in the California Supreme Court. The petition was denied on May 9, 2012, with citations to In re Robbins, 18 Cal.4th 770, 780 (1998) and In re Clark, 5 Cal.4th 750-767-769 (1993).

Petitioner filed the instant petition for writ of habeas corpus on June 15, 2012. Respondent filed a motion to dismiss on September 11, 2012. On October 15, 2012, Petitioner filed a notice of voluntary dismissal.[3]

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

---

[2] All of the filing dates reflect application of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

[3] Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, a plaintiff [petitioner] can dismiss a case voluntarily without a court order if: (i) the notice of dismissal is filed before an answer or motion for summary judgment is filed by the opposing party; or (ii) all parties stipulate to the dismissal. In this instance, Petitioner filed his notice of voluntary dismissal approximately thirty days after Respondent filed its motion to dismiss. Therefore, Petitioner is not entitled to dismissal of the petition without a court order and based on the reasoning set forth in Respondent's motion to dismiss the petition must be dismissed as untimely, and Petitioner does not address Respondent's motion in the dismissal notice.

motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on June 15, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, since Petitioner did not appeal his February 17, 1999, sentence, his judgment became final sixty days later, on April 18, 1999. Cal. Rules of Court, rule 8.308; Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The one-year limitations period commenced running the following day-April 19, 1999. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Therefore, the last day to file a federal petition was on April 18, 2000, plus any time for applicable tolling.

C.       Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,

546 U.S. 189 (2006).  Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, Petitioner did not file any state post-conviction actions within the limitations period.

D.      End of Limitations Period

As explained, the statute of limitations period commenced running on April 19, 1999, and expired on April 19, 2000.  Because Petitioner did not file the current federal petition until June 15, 2012, he exceeded the one year limitations period by over 12 years and the action is clearly time-barred.

E.      Subsequent Post-Conviction Actions

Petitioner filed his first state habeas petition on March 20, 2006, over five years after the statute of limitations expired.  The filing of Petitioner's first through third petitions after the expiration of the limitations period did not restart the clock at zero or otherwise save his claims from being time-barred.  Thus, once the limitations period expired, the first through third state petitions did not revive it.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Consequently, the first through third petitions did not extend the limitations period.

F.      Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would give rise to tolling.  Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner does not set forth nor does this Court find any basis to equitably toll the limitations period.  Accordingly, the instant petition for writ of habeas corpus must be dismissed with prejudice as untimely.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition be GRANTED; and

2. The instant petition for writ of habeas corpus be DISMISSED with prejudice as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2012**          /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE